IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 10-cv-473

RENEE HOUGHTON,                              )
                                             )
              Plaintiff,                     )      **NOTICE OF REMOVAL**
                                             )
v.                                           )
                                             )
DOUGLAS HAGUE, individually; BANK            )
OF AMERICA CORPORATION; JOHN                 )
DOES 1-2 & JANE ROES 1-2, individually       )
and as agents and as employees of BANK       )
OF AMERICA CORPORATION;                      )
JENNIFER TORRES, individually;               )
ADECCO USA, INC. d/b/a ADECCO                )
SOLUTIONS; JOHN DOES 3-10,                   )
individually and as employees and agents     )
of ADECCO USA, INC.,                         )
                                             )
              Defendants.                    )
                                             )
_____)

# EXHIBIT 1

STATE OF NORTH CAROLINA            FILED        IN THE GENERAL COURT OF JUSTICE
                                    2010 AUG 23 AM      SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                                   2010 CVS 17071
                                    MECKLENBURG CO.,C.S.C.
                                    BY _____

| | |
|---|---|
| Renee Houghton, | ) |
|     Plaintiff | ) |
| vs. | ) |
| Douglas Hague, individually; Bank of America Corporation; John Does 1-2 & Jane Roes 1-2, individually and as agents and employees of Bank of America Corporation; Jennifer Torres, individually; Adecco USA, Inc. d/b/a Adecco Solutions; JOHN DOES 3-10, individually and as employees and agents of Adecco USA, Inc | ) **COMPLAINT**<br>) (JURY TRIAL DEMANDED) |
|     Defendants | ) |

1. **Plaintiff Renee Houghton** is an adult female citizen and resident of Union County, North Carolina. Plaintiff was employed by Defendant Bank of America until February 2009, and was employed by Sherpa LLC and assigned by Sherpa as a contract worker at Bank of America from October 2009 to February 2010 and again from April 6, 2010 to June 9, 2010, on information and belief, under a prime contract by Adecco USA, Inc. doing business as Adecco Solutions.

2. Defendant **Douglas Hague ("Hague")** is an adult male citizen and resident of Union County, North Carolina, who was employed by Bank of America Corporation during the relevant period up to and including June 9, 2010 at its Bank of America Plaza facility in Mecklenburg County.

3. Defendant **Bank of America Corporation ("Bank")** is a federally chartered banking corporation doing business in Mecklenburg County, North Carolina, North Carolina and other counties in the State of North Carolina.

4. Defendants **John Does 1-2 and Jane Roes 1-2** are adult residents of the United States, who were employed by Bank of America's Corporate Human Resources or other departments during the period including June 9, 2010.

1

5. On Information and belief **Adecco USA Inc. doing business as Adecco Solutions ("Adecco")** is a foreign corporation licensed to do business in NC and doing business in Mecklenburg County NC.

6. Defendant **Jennifer Torres ("Torres")** is an adult female citizen and resident of North Carolina, who was employed by Adecco in Mecklenburg County during the period including June 9, 2010.

7. Defendants **John Does 3-10** are multiple adult residents of the United States of unknown gender who were employees or agents of Adecco during the period including June 4, 2009.

8. On or about October 2005 Plaintiff was promoted to Senior Vice President of Defendant Bank. In September 2007, her compensation was increased and she was awarded stock options. As of early 2008 her supervisor was Douglas Hague.

9. In 2008, Plaintiff experienced symptoms of a serious health condition and requested FMLA qualifying leave beginning in May 2008 and accommodations after her return. Defendant Hague repeatedly attempted to harass and intimidate Plaintiff into having her doctor remove necessary medical restrictions.

10. In December 2008, when Plaintiff told Hague that she was pregnant, Hague's reaction was "Oh, another leave!" in an exasperated tone.

11. During calendar 2008, Plaintiff repeatedly reported Hague's retaliation against her for her leave and illness to Human Resources at Defendant Bank.

12. On or about February 3, 2009, Hague informed Plaintiff that she was to be displaced by Defendant Bank effective February 16, 2009, and that she would be paid severance.

13. Plaintiff's electronic access to the Bank of America intranet was removed late on February 3 or the early hours of February 4, 2009. On and after February 3, 2009, Hague directed and supervised Plaintiff in her transition of paper and electronic files to other Bank employees.

14. In mid February 2009, Plaintiff, through counsel, once again reported the unlawful and retaliatory actions of Hague to Defendant Bank.

15. During and after the severance process, Plaintiff was repeatedly assured by agents of the Bank that she was eligible for rehire with the Bank.

16. In October 2009, Plaintiff was hired by Sherpa to work at the Bank and the Bank, through its Human Resources Department, assured both Adecco and Sherpa that Plaintiff was eligible for rehire with the Bank.

2

17. Again in April 2009, Plaintiff was hired by Sherpa to work at the Bank on another project and the Bank again assured both Adecco and Sherpa that Plaintiff was eligible for rehire with the Bank.

18. On June 9, 2010, Keith Neus of Sherpa LLC called Plaintiff down from her work station at the Bank. Plaintiff was carrying only her badge. At that time, Nues explained that the Bank or some persons within the Bank were demanding her discharge, allegedly for 2 reasons: (1) that she had signed a document or affidavit saying she was ineligible for rehire with the Bank, and (2) that she had misused Bank information. Neus indicated that these allegations came to him from Jennifer Torres of Adecco, and that he had been told that some unknown person (John Does 1-2 and/or Jane Roes 1-2) in Bank of America Corporate Human Resources had said those things to Torres.

19. Neus further explained that Defendant Douglas Hague had seen Plaintiff in the Bank and had gone to the Bank Human Resources about her position and eligibility for rehire. Plaintiff denied the allegations set forth in paragraph 18 above and offered to get her things and leave until such time as the situation could be dealt with.

20. Neus told Plaintiff that she would not be allowed to go back upstairs and that her personal items would be brought to her.

21. Plaintiff was forced to wait for over an hour, without money, ID, or car keys, until her purse, briefcase, keys and other personal items from her desk were brought downstairs to her by Jennifer Torres of Adecco. Missing from those personal items were the cards, receipts and other papers from her purse and briefcase, a thumb drive from her digital picture frame, a Starbucks gift card with value on it, and other items from her purse and briefcase.

22. On information and belief, Torres and others (some portion of John Does 3-10) were observed by workers (employees or contractors of the Bank) rifling through Plaintiff's purse, brief case, and desk items at or near Plaintiff's work station.

### DEFAMATION - Douglas Hague, John Does 1-2 and/or Jane Roe 1-2, Bank of America,

23. The allegations of paragraph 1-22 above are re-alleged herein as if set forth at length.

24. On information and belief, between October 1, 2009 and June 9, 2010, Douglas Hague stated to management at Bank of America that Plaintiff had mis-used confidential Bank of America information.

25. On information and belief, between October 1, 2009 and June 9, 2010, Douglas Hague stated to employees and agents of Bank of America that Plaintiff was guilty of other offenses against the Bank.

3

26. Misuse of confidential Bank information could be a criminal offense, depending on the type of information and that type of alleged misuse.

27. The statements that Plaintiff had misused confidential Bank information and that she had signed a statement that she was ineligible for rehire at Bank of America, were at least slander *per quod*, were likely to injure Plaintiff in her profession and did so injure her.

28. Defendant Hague knew that these statements were false at the time he made the statements or made them with a reckless disregard as to their truth or falsity and with the knowledge that the statements were likely to injure Plaintiff in her profession.

29. Hague acted with actual malice towards plaintiff.

30. Hague made these statements with the intent to cause injury to the Plaintiff's reputation personally and in business and did so injure her reputation.

31. Hague made these statements with the intent to cause actual present and future loss of income to Plaintiff and the statements did cause actual present and future loss of income to Plaintiff in at minimum the amount of wages lost to her from the contract on which she was engaged when she was forced to leave the Bank from the date of termination through December 17, 2010, the estimated end date of the contract.

32. As a direct and proximate result of the statements alleged above, Plaintiff has lost present and future employment, causing actual loss of income and benefits in excess of $10,000.

33. Hague was not acting in the course and scope of his employment with Defendant Bank when he made such statements, or he exceeded the course and scope of his employment in making such false and malicious statements about Plaintiff.

34. In the alternative, Hague was acting in the course and scope of his employment with Defendant Bank when he made such false and malicious statements.

35. John Does 1-2 and/or Jane Roes 1-2, employees of Defendant Bank, republished to Torres, Adecco and others the false statements that Plaintiff had misused confidential Bank of America information.

36. John Does 1-2 and/or Jane Roe 1-2, employees and agents of Defendant Bank, falsely stated to Torres, Adecco and others that Plaintiff had signed a document that she was not eligible for rehire with the Bank, a statement which implied that she had committed some infraction.

37. Defendants John Does 1-2 and/or Jane Roe 1-2, employees and agents of the Bank, had reason to know when they published or republished these statements,

4

that the statements were false or made such statements with reckless disregard as to their truth or falsity.

38. Defendants John Does 1-2 and/or Jane Roe 1-2 made these statements with the knowledge that they would cause injury to the Plaintiff's reputation and her employment and the statements did so injure her reputation and employment.

39. Defendants John Does 1-2 and/or Jane Roe 1-2 made these statements with the knowledge that they would cause actual present and future loss of income to Plaintiff and the statements did cause actual present and future loss of income to Plaintiff.

40. As a direct and proximate result of the statements alleged above, Plaintiff has lost present and future employment, including actual loss of income and benefits for the period from June 9, 2010 until the end of the contract period and beyond in excess of $10,000.

41. Defendants John Does 1-2 and/or Jane Roe 1-2 were not acting in the course and scope of their employment with the Bank when they made such statements or they exceeded the course and scope of their employment in making or republishing such false statements.

42. In the alternative, Defendants John Does 1-2 and/or Jane Roe 1-2 were acting in the course and scope of their employment with the Bank and Bank of America Corporation is vicariously liable for their wrongful acts.

43. Bank of America Corporation ratified and condoned the actions of Hague, and Defendants John Does 1-2 and/or Jane Roe 1-2, its employees.

44. Bank of America Corporation is liable for the improper actions of Hague and Defendants John Does 1-2 and/or Jane Roe 1-2, other Bank of America employees.

45. Plaintiff is entitled to all present and future losses of income due to the actions of Hague, and Defendants John Does 1-2 and/or Jane Roe 1-2.

46. Plaintiff is entitled to punitive damages due to the actions of Hague and Bank of America.

### INTENTIONAL INTERFERENCE WITH CONTRACT against Douglas Hague, individually, and FMLA RETALIATION against Douglas Hague, individually, and Bank of America

47. The allegations of paragraph 1- 46 above are re-alleged herein as if set forth at length.

5

48. Bank of America was an Employer (previous) of Plaintiff and Hague was a person acting in the interests of an Employer towards Plaintiff.

49. By June 2010, Hague knew that Plaintiff was working as a contractor at the Bank under a contract with a supplier to Bank of America.

50. Defendant Douglas Hague intentionally interfered with the Plaintiff's employment contract by means of false statements made to Bank of America management, which statements were republished to Adecco and Sherpa management.

51. Defendant Hague acted with malice, without privilege, and/or with a reckless disregard as to the effects of his statements on Plaintiff's employment.

52. Hague acted with malice towards Plaintiff as a result of her repeated reports to management of his retaliation against her based on her need for FMLA qualifying leave.

53. Hague's actions in attempting to deprive Plaintiff of her job and in so doing, based on her complaints to management of his retaliatory actions in 2008 and early 2009, violated the anti-retaliation provisions of FMLA and public policy.

54. As a direct result of the statements of the named Defendants, Plaintiff lost the remainder of her employment contract through Sherpa with Bank of America and lost wages and benefits in excess of $10,000, plus interest.

55. Hague also acted with the intention to interfere with prospective employment of Plaintiff with Bank of America, Adecco and Sherpa.

56. Plaintiff is entitled to (a) all wages and benefits lost as a result of Hague's Actions; (b) interest on such lost wages from the date of loss until trial; (c) liquidated damages in an amount equal to the lost wages and benefits; and (d) attorneys' fees and costs of this action.

57. Bank of America is ratified and condoned Hague's actions and is vicariously liable for the actions of Hague.

### DEFAMATION - against Jennifer Torres and/or John Does 3-10, and against Adecco USA Inc. dba Adecco Solutions

58. The allegations of paragraphs 1- 57 above are re-alleged herein as if set forth at length.

59. On information and belief, on or about June 9, 2010 Jennifer Torres and/or one or more of John Does 3-10, employees of Adecco, made statements to Keith Neus of Sherpa LLC that Plaintiff had mis-used confidential Bank information, potentially a criminal act, and that she had signed a statement that she was ineligible for rehire at Bank of America.

60. As a result of the statements made by Adecco employees Torres and others, Sherpa LLC ended the contract Plaintiff had to work at the Bank and terminated Plaintiff's employment with Sherpa.

61. Torres and Does 3-10, employees of Adecco, knew that Plaintiff was employed by Sherpa at the Bank at the time the statements were made to Sherpa.

62. Torres and Does 3-10, employees of Adecco had reason to know that Plaintiff was eligible for rehire and that the statements alleged above were false when they were published and/or republished or they made the publications or republications with a reckless disregard to their truth or falsity.

63. The statements that Plaintiff had mis-used confidential Bank information and that she had signed a statement that she was ineligible for rehire at Bank of America, were at least slander *per quod*, and were likely to injure Plaintiff in her profession and did so injure her.

64. As a result of the statements alleged above, Plaintiff has lost present and future employment with Sherpa, causing actual losses of income and benefits in excess of $10,000.

65. Torres, and the other Adecco employees (John Does 3-10) if any, were not acting in the course and scope of their employment with Adecco when they made such statements or exceeded the course and scope of their employment in making or republishing such false statements.

66. In the alternative, Torres and John Does 3-10 were acting in the course and scope of her employment and Adecco USA Inc. doing business as Adecco Solutions is vicariously liable for her acts.

67. Adecco USA Inc. dba Adecco Solutions ratified and condoned the actions of Torres, and John Does 3-10, Adecco employees.

68. Adecco is liable for the damages and lost income to Plaintiff as a result of the improper actions of Torres and Does 3-10, Adecco employees.

69. Plaintiff is entitled to punitive damages against Torres and Adecco.

### CONVERSION- against Jennifer Torres, John Doe 3-10, John Does 1-2 & Jane Roes 1-2 and Adecco

70. The allegations of paragraph 1-69 above are re-alleged herein as if set forth at length.

71. On June 9, 2010, Plaintiff owned a purse and contents, a briefcase and contents, and a digital picture frame with thumb-drive which were located on and in her desk at her worksite at Bank of America.

7

72. On June 9, 2010, while Plaintiff had been removed to the lobby area of the building, Torres and others, either John Doe 3-10 (employees of Adecco), and/or John Does 1-2 & Jane Roes 1-2 (employees of the Bank) opened Plaintiff's purse and briefcase outside her presence and one or more of them removed items from her purse and briefcase including business cards and a Starbucks gift card containing value, and a thumb-drive containing personal electronic photographs from her digital picture frame.

73. Torres and others, either John Doe 3-10 (employees of Adecco), or John Does 1-2 & Jane Roes 1-2 (employees of the Bank), assumed and exercised the rights of ownership over Plaintiff's purse and contents and briefcase and contents and the digital picture frame to the alteration of their condition and/or the exclusion of Plaintiff's rights.

74. Torres and others, either John Doe 3-10 (employees of Adecco), or John Does 1-2 & Jane Roes 1-2 (employees of the Bank), wrongfully deprived Plaintiff of her personal chattels, some (the purse and briefcase and picture frame) for a short period of time of around an hour, and the thumb-drive and other contents of the purse and brief case from June 9 to the date of this Complaint.

75. Plaintiff through Sherpa made demand on Torres and Adecco for the return of the items converted, which demand was refused. Torres denied having removed the items.

76. Torres's conduct in assuming control over plaintiff's items and removing certain items was willful and wanton, intentional and malicious.

77. Plaintiff is entitled to the return of the items or their value and to punitive damages for the assumption of control over the items.

Wherefore, Plaintiff prays this Honorable Court to enter Orders:

1. Awarding Plaintiff her lost wages and benefits, from June 9, 2010 to the date of trial, against Douglas Hague, John Does 1-2, Jane Roes 1-2, Bank of America, Jennifer Torres, John does 3-10 and Adecco Solutions.

2. Awarding Plaintiff interest on her lost wages and benefits from June 9, 2010 to trial and from the date of the judgment to the date paid, against Douglas Hague, John Does 1-2, Jane Roes 1-2, Bank of America, Jennifer Torres, John does 3-10 and Adecco Solutions;

3. Awarding Plaintiff compensatory damages in amounts to be determined by the finder of fact against Hague, Bank Of America, Adecco and the unknown defendants.

4.  Awarding Plaintiff liquidated damages in the amount of her lost wages, benefits and interest, against Douglas Hague, and Bank of America;

5.  Awarding Plaintiff punitive damages against Douglas Hague and Jennifer Torres.

This the 19th day of August, 2010.

Vicki Brown Rowan, Esq.
State Bar No. 14294
Attorney for Plaintiff

1515 Mockingbird Lane, Suite 400
Charlotte, NC 28209
T: (704) 525-4110
F: (704) 525-4301
VBRowan@bellsouth.net